Dear Chief Deputy Pritchett:
Your request for an opinion has been forwarded to me for research and reply. According to your request, since July 2008, the St. Helena Parish Sheriff's Office has accumulated approximately $1,149.00 in funds designated for use by Crime Stoppers. These funds were initially levied as fees by the department of probation and parole, and the court system, in spite of the fact that St. Helena Parish had no Crime Stoppers organization. Instead, St. Helena Parish relied upon Tangipahoa Parish's Crime Stoppers organization when assistance was necessary. Based upon this relationship, you initially asked our office whether the $1,149.00 balance of funds in this dormant Crime Stoppers account could be sent to the Tangipahoa Parish Crime Stoppers organization. Our office requested additional information from you in order to thoroughly address and answer your inquiry. In particular, our office asked whether the St. Helena Sheriffs Office could return the Crime Stopper funds in this dormant account, and whether there were any records in existence linking the individual who had paid the fees with his/her name or contact information.
In response to our inquiry, you not only answered our questions, but you also informed our office of new developments that had occurred in St. Helena Parish in the intervening time period. Ultimately, these new facts have changed your original opinion request and inquiry.
According to your response, although records related to the dormant Crime Stoppers fund do exist, there are at least 575 such transactions that would need to be reviewed and disbursed. You noted that this would place an undue burden upon your small and under-staffed department. Our office concurs and accepts your determination that imposing such a requirement upon your office would be unduly burdensome and, in our opinion, such actions would be unnecessary, *Page 2 
particularly in light of the additional facts you provided in your supplemental correspondence.
Specifically, on June 1, 2011, St. Helena Parish Sheriff Nathaniel Williams entered into a Memorandum of Understanding (MOU) with the Crime Stoppers organization of Tangipahoa Parish. Pursuant to the MOU, Crime Stoppers of St. Helena Parish will become effective on June 17, 2011, and will serve as an affiliate of Crime Stoppers of Tangipahoa, Inc., a 501(c) not-for-profit corporation. In other words, St. Helena Parish will now have its own Crime Stoppers program. Hence, based on these new factual developments, your initial inquiry has changed. Now your question is whether the $1,149.00 in the dormant Crime Stopper fund may be donated to St. Helena Parish's newly created Crime Stoppers organization, specifically for reward money.
The Code of Criminal Procedure statutorily prescribes how Crime Stoppers organizations must be organized and operated and sets forth the permissible uses of funds received by Crime Stoppers, providing in pertinent part as follows:
 All funds received by a certified crime stoppers organization under this Article shall be used solely for the purposes of paying rewards to individuals who provide information on criminal activity to the certified crime stoppers organization, for the operation of a hot line used for receiving that information, and for other purposes which are directly related to obtaining information related to criminal activities.
La.C.Cr.P. art. 895.4(L) (emphasis added).
Clearly, the purpose for which the $1,149.00 in the dormant Crime Stoppers fund will be used satisfies the criteria set forth in the foregoing statutory provision. Furthermore, the probation and parole department, as well as the court, intended that the money within this dormant account be used by Crime Stoppers. As expressed in your June 3, 2011, response, it is your office's intention to present the newly created and incorporated not-for-profit St. Helena's Crime Stoppers organization with the $1,149.00 to be used for rewarding those individuals who provide information regarding criminal activity. Therefore, the use of the money would satisfy the requirements of Article 895.4(L).
On a final note, there does not appear to be any violation of Article VII, Section 14(A) of the Louisiana Constitution, which prohibits governmental entities from donating public funds, credit, property, or things of value to or for any person, association, or corporation, public or private. Again, based upon the information in your response to our inquiries, it is clear that the St. Helena Parish Sheriff has properly determined that participation in Crime Stoppers would further the goals *Page 3 
and obligations of the St. Helena Parish Sheriff's Office, and would satisfy the requirements of Article 895.4 of the Code of Criminal Procedure. Solving crimes is an integral component of the St. Helena Parish Sheriff's Office. Therefore, it is our Office's opinion that donating the $1,149.00 remaining in the dormant Crime Stoppers fund to the newly created Crime Stoppers organization for St. Helena Parish, to reward individuals who provide information about criminal activity, would not violate Article VII, Section 14 of the Louisiana Constitution, and is therefore, permissible.
We hope that this information sufficiently answers your inquires. If we can be of further assistance, please do not hesitate to contact us.
 very truly Yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ KATHERINE K. GREEN Assistant Attorney General
 JDC:KG:jv